**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

NORMA MARGARITA BARRANCAS-
SANCHEZ, a.k.a. Norma M. Barrancas-
Sanchez,

Defendant-Appellant.

No.    14-50249

D.C. No. 3:13-cr-04085-LAB

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

Norma Margarita Barrancas-Sanchez appeals from the district court's

judgment and challenges the 68-month sentence imposed following her guilty-plea

conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

and 960. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for resentencing.

Barrancas-Sanchez argues that the district court erred in denying a minor role reduction to her base offense level under U.S.S.G. § 3B1.2(b). After Barrancas-Sanchez was sentenced, the United States Sentencing Commission issued Amendment 794 ("the Amendment"), which amended the commentary to the minor role Guideline. The Amendment is retroactive to cases pending on direct appeal. *See United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016).

The Amendment clarified that, in assessing whether a defendant should receive a minor role adjustment, the court should compare her to the other participants in the crime, rather than to a hypothetical average participant. *See* U.S.S.G. App. C. Amend. 794; *Quintero-Leyva*, 823 F.3d at 523. In addition, the Amendment clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). Finally, the Amendment added a non-exhaustive list of factors that a court "should consider" in determining whether to apply a minor role reduction. *See id.* Because we cannot determine from the record whether the district court followed the guidance of the Amendment's clarifying language and considered all of the now-relevant factors, we vacate Barrancas-Sanchez's sentence

14-50249

and remand for resentencing under the Amendment. *See Quintero-Leyva*, 823 F.3d at 523-24.

In light of this disposition, we do not reach Barrancas-Sanchez's claim that her sentence is substantively unreasonable.

**VACATED and REMANDED for resentencing.**